**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,                                   Criminal No. 16-232 (DWF/LIB)

        Plaintiff,

v.                                                                         **MEMORANDUM**
                                                                           **OPINION AND ORDER**

Morgan James Baumann,

        Defendant.

### INTRODUCTION

This matter is before the Court on Defendant Morgan James Baumann's *pro se* motion for compassionate release.  (Doc. No. 41.)  The United States of America (the "Government") opposes the motion.  (Doc. No. 43.)  For the reasons set forth below, the Court respectfully denies the motion.

### BACKGROUND

Baumann pleaded guilty to conspiracy to distribute methamphetamine, possession of a machinegun, and being a felon in possession of a firearm on November 21, 2016.  (Doc. Nos. 24, 25.)  On April 10, 2017, the Court sentenced him to an 180-month prison term to be followed by five years of supervised release.  (Doc. No. 39.)  Baumann is currently incarcerated at FCI Terre Haute with an anticipated release date of February 17, 2030.  *Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Apr. 13, 2026).  Baumann moves for compassionate release based on medical circumstances, prison conditions, rehabilitation, and an alleged change in the law on

methamphetamine purity that creates a sentencing disparity.  (Doc. No. 41.)  Baumann also filed a self-styled motion to amend, hold in abeyance, and extend time for reply. (Doc. No. 45.)  The Court extended Baumann's time to reply and allowed him to alternatively file an amended motion.  (Doc. No. 46.)  Baumann has not filed anything further relating to his motion for compassionate release.

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  These reasons include:  (1) medical circumstances; (2) age-related deterioration; (3) family circumstances; (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence.  U.S.S.G. § 1B1.13(b).

If "extraordinary and compelling reasons" exist, a sentencing reduction is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement."  *Id.* § 1B1.13(a).  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  As the movant, the defendant bears the burden to establish that they are eligible for compassionate release.  *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

A defendant may move for a sentencing reduction only after complying with an exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A).  Specifically, a defendant may move for a sentencing reduction only "after (1) the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or (2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Id.*  As a mandatory claim-processing rule, this requirement "must be enforced so long as the opposing party properly raises it."  *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021).  If a defendant fails to meet the exhaustion requirement and the Government properly raises the exhaustion issue, the Court must dismiss the motion without prejudice.  *Id.*

Here, Baumann says that he filed the required request with his warden prior to filing this motion.  (Doc. No. 41 at 2.)  He did not provide a copy of the request or any evidence of when he submitted the request.  The Government challenges his statement, explaining that it asked the Bureau of Prisons for a copy and that it could not locate any request from Baumann.  (Doc. No. 43 at 3.)  Without more from Baumann, the Court cannot conclude that he has exhausted his administrative remedies.  *See, e.g.*, *United States v. Mitchell*, No. 17-264(2), 2024 WL 5056651, at *2 (D. Minn. Dec. 10, 2024).  Accordingly, the Court dismisses Baumann's motion without prejudice.  Baumann may move for compassionate release again in the future after properly exhausting his administrative remedies.  The Court notes, however, that even if Baumann had properly exhausted his administrative remedies, his claims would fail.

First, Baumann has not alleged any specific medical condition that he is suffering from or an outbreak of infectious disease that is impacting FCI Terre Haute.  *See* U.S.S.G. § 1B1.13(b)(1).  Second, poor prison conditions may give rise to other legal remedies, but they do not justify compassionate release unless the defendant has experienced some kind of abuse.  *See, e.g.*, *United States v. Roberts*, No. 12-cr-196, 2024 WL 4729084, at *2 (D. Minn. Nov. 8, 2024); *see also* U.S.S.G. § 1B1.13(b)(4) (explaining victim of abuse requirements).  Third, rehabilitation alone cannot be considered an extraordinary and compelling reason.  *See* 28 U.S.C. § 994(t).  Fourth, Baumann does not meet the unusually long sentence requirements because he has not served ten years of his prison term.  *See* U.S.S.G. § 1B1.13(b)(6).[1]  Finally, all of these claims together do not amount to an extraordinary and compelling reason.  *See id.* § 1B1.13(b)(5).

---

[1]     Both parties asked the Court to reserve its ruling on Baumann's § 1B1.13(b)(6) claim because the Supreme Court is currently considering the validity of that subsection in *Carter v. United States*, No. 24-860, and *Rutherford v. United States*, No. 24-820. (Doc. No. 43 at 8; Doc. No. 45 at 2.)  Baumann asked the Court to hold the entire motion in abeyance until the Supreme Court issues a ruling in those two cases.  (Doc. No. 45 at 2.)  The Court declines to do so because it need not reach the validity question. Baumann's motion must be dismissed because it is not ripe for review.  Moreover, as explained above, Baumann does not meet § 1B1.13(b)(6)'s requirements.

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Defendant Morgan James Baumann's *pro se* motion for compassionate release (Doc. No. [41]) is **DISMISSED WITHOUT PREJUDICE**.


Dated:  April 20, 2026                                   s/Donovan W. Frank
                                                         DONOVAN W. FRANK
                                                         United States District Judge

5